Dear Mr. Hallman:
As Nassau County Attorney, you have asked for my opinion on substantially the following questions:
1. Does section 194.015, Florida Statutes, as amended, preclude an attorney who represents a taxing authority outside of Nassau County from representing the Nassau County Value Adjustment Board?
2. If the answer to Question One is in the negative, can two attorneys for different counties represent the Value Adjustment Board of the county in which they do not serve as County Attorney, in order to avoid the expense of hiring outside counsel?
Question One
Value adjustment boards created pursuant to section 194.015, Florida Statutes, are quasi-judicial governmental bodies that hear appeals initiated by taxpayers contesting the denial of tax exemptions and/or the valuation of their properties for tax purposes by the county property appraiser. The board conducts hearings at which taxpayers and the property appraiser testify and present documentary evidence either in opposition to or in support of the tax assessment under appeal.
During the 2008 legislative session, section 194.015, Florida Statutes, was amended to reconfigure the membership of the value adjustment boards, to require that the board's appoint special magistrates, and to require the Department of Revenue to develop a policies and procedures manual for use in board proceedings.
Section 4, Chapter 2008-197, Laws of Florida, amends section 194.015, Florida Statutes, and now provides:
 "194.015 Value adjustment board. — There is hereby created a value adjustment board for each county, which shall consist of two members of the governing body of the county as elected from the membership of the board of said governing body, one of whom shall be elected chairperson, and one member of the school board as elected from the membership of the school board, and two citizen members, one of whom shall be appointed by the governing body of the county and must own homestead property within the county and one of whom must be appointed by the school board and must own a business occupying commercial space located within the school district. A citizen member may not be a member or an employee of any taxing authority, and may not be a person who represents property owners in any administrative or judicial review of property taxes. The members of the board may be temporarily replaced by other members of the respective boards on appointment by their respective chairpersons. Any three members shall constitute a quorum of the board, except that each quorum must include at least one member of said governing board, at least one member of the school board, and at least one citizen member and no meeting of the board shall take place unless a quorum is present. Members of the board may receive such per diem compensation as is allowed by law for state employees if both bodies elect to allow such compensation. The clerk of the governing body of the county shall be the clerk of the value adjustment board. The board shall appoint private counsel who has practiced law for over 5 years and who shall receive such compensation as may be established by the board. The private counsel may not represent the property appraiser, the tax collector, any taxing authority, or any property owner in any administrative or judicial review of property taxes. No meeting of the board shall take place unless counsel to the board is present. Two-fifths of the expenses of the board shall be borne by the district school board and three-fifths by the district county commission."
With this amendment, the Legislature reduced the number of representatives from the school board to one and added two non-governmental members to the value adjustment board. The amendment also prohibits the county attorney from serving as counsel to the value adjustment board and requires the appointment of private counsel to serve as counsel to the board.
The language of the statute clearly prohibits the attorney appointed to represent the value adjustment board from representing "the property appraiser, the tax collector,
any taxing authority, or any property owner in any administrative or judicial review of property taxes." (e.s.) Legislative history for the bill indicates that the Legislature intended to amend section 194.015, Florida Statutes, "to preclude county attorneys from serving as counsel to the board."[1]
Based on the language of the statute, it would appear that an attorney who represents a taxing authority outside Nassau County is precluded from representing the Nassau County Value Adjustment Board. Nothing in the language of the amendment or in legislative history places any geographical or jurisdictional limits on these conditions and this office is without any authority to read such a limitation into the statute.[2]
In sum, it is my opinion that the language of section 194.015, Florida Statutes, as amended by section 4, Chapter 2008-197, Laws of Florida, would preclude an attorney who represents a taxing authority outside of Nassau County from representing the Nassau County Value Adjustment Board.
Question Two
In light of my response to your first question, no discussion of Question Two is necessary.
Sincerely,
Bill McCollum Attorney General
BM/tgh
[1] House of Representatives Staff Analysis, CS/HB 909, dated April 15, 2008.
[2] Cf. Chaffee v. Miami Transfer Company, Inc., 288 So. 2d 209 (Fla. 1974); Ops. Att'y Gen. Fla. 06-26 (2006) and 81-10 (1981).